IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00030-MOC-WCM

| | | |
|---|---|---|
| ALIX E. NARDONE and BROOKE E. STARK, | ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) ) | |
| ERIC EDEE, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the following:

1. Plaintiffs' Amended Motion to Remand and Motion to Expedite Briefing and Ruling on Motion to Remand (the "Amended Motion to Remand," Doc. 4);[1]

---

[1] Some courts have concluded that a motion to remand is dispositive under 28 U.S.C. § 636(b)(1)(A) and therefore a United States Magistrate Judge lacks the authority to address such a motion through a direct ruling. See Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015); Williams v. Beemiller, 527 F.3d 259, 265 (2d Cir. 2008); Vogel v. U.S. Office Products Co., 258 F.3d 509, 514–15 (6th Cir. 2001); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998); Davidson v. Georgia-Pacific, L.L.C., 819 F.3d 758, 765 (5th Cir. 2016). However, the Fourth Circuit has not addressed whether a magistrate judge may issue an order of remand, see Jonas v. Unisun Ins. Co., 230 F.3d 1352, 2000 WL 1350648 (4th Cir. 2000) (unpubl), and the "rule in this District as well as in many others is that a motion to remand is 'non-dispositive' and can therefore be determined by a magistrate judge as a final order pursuant to 28 U.S.C. § 636(b)(1)(A)." Drye v. Bankers Life and Cas. Co., No. 3:15CV115-MU, 2006 WL 2077562 at *2 (W.D.N.C. July 24, 2006).

1

2. "Defendant's Addendum to Amended Notice of Removal and Motion for Continuance until 02/24/2028 to Attach File Exhibits to Certified Response" (the "Amended Response," Doc. 9); and

3. "Amended Request and Response by Defendant and Brief in Support of Defendant's Request to Remove Case and Answer to Plaintiff's Response all on Removal of Civil Action" (the "Second Amended Response," Doc. 12).

## I. Relevant Background

According to the information of record, Alix E. Nardone ("Nardone"), Brooke E. Stark ("Stark"), and Eric Edee ("Defendant") are the owners, as tenants-in-common, of real property located at Lot 23 of the Lakeside Mountain Subdivision in Transylvania County, North Carolina (the "Property"), with each person owning a one-third undivided interest. Doc. 4-1 at 1.[2]

On November 12, 2021, Nardone and Stark (collectively "Plaintiffs") filed a Petition to Partition Real Property (the "Petition," Doc. 4-1) in the Superior Court of Transylvania County, North Carolina. Through the Petition, Plaintiffs

---

[2] The record indicates that the parties are related. See Doc. 4-4 at 1 ("The parties are the children of Sheila Edee. Upon Shelia Edee's death, the Trustee deeded the Property to the remaining trust beneficiaries in accordance with the provisions of the Trust").

2

request that the Property be partitioned among the parties or that the Property be sold and the proceeds distributed among the parties. Id. at 2. Plaintiffs also seek costs, including their reasonable attorneys' fees. Id.

Defendant was served on December 12, 2021. Doc. 4-2.

The record contains a copy of an "Answer, Counterclaim and Request for Mediation" by Defendant. Doc. 4-3. However, it is not clear if this document was filed or when it was served; the document is not file-stamped and the certificate of service is dated January 13, 2011.

On August 17, 2022, Plaintiffs filed an Application Pursuant to N.C.G.S. § 46A-28 For Order Relating to Possession, Occupancy and Access (the "Application," Doc. 4-4). In the Application, Plaintiffs contended that the Property, which is approximately .81 of an acre in size and located in the Lake Toxaway Estates community, cannot be physically partitioned without substantial injury to any of the parties, and requested that Plaintiffs have possession and occupancy of the Property pending the outcome of this matter.

The Clerk of Superior Court of Transylvania County (the "Clerk") heard the Petition and the Application on October 11, 2022. Doc. 4 at 3.

On October 12, 2022, the Clerk issued an order on the Application, which directed that possession and occupancy of the Property be given to Nardone and Stark until the Property is sold or the Petition is otherwise finally determined. The Clerk also prohibited Defendant from accessing, possessing,

3

or occupying the Property, except for the purpose of inspecting, surveying, or appraising the Property, if he wished to make an offer to purchase Plaintiffs' interests. Doc. 1-1 at 7.

The same day, the Clerk issued a separate order that directed the Property be sold by private sale in lieu of partition, appointed Richard Daniel as a commissioner to oversee the sale, and ordered that Plaintiffs' costs, including attorney's fees, be paid from the proceeds of the sale before those proceeds were divided among the owners. Doc. 1-1 at 45.

On December 13, 2022, the commissioner filed a report of sale, which advised that an offer had been received in the amount of $1,250,000. Doc. 1-1 at 47.

On January 24, 2023, Plaintiffs filed a Notice of Hearing and Motion to Add Westwood Funding, LLC as a Respondent to Petition to Partition Real Property (the "Motion to Join," Doc. 1-1 at 1). In that filing, Plaintiffs stated that, unbeknownst to them at the time, on December 19, 2021, Defendant had signed a North Carolina Limited Warranty Deed that conveyed his interest in the Property to Westwood Funding, LLC.[3] Plaintiffs further moved that Westwood Funding, LLC be joined as a party, and for other relief. Plaintiffs

---

[3] Plaintiffs allege that this issue came to light during the due diligence period for the sale and was discovered by the buyer's attorney. Plaintiffs also allege that it appears Defendant is (or was) the sole member of Westwood Funding, LLC. Doc. 4 at 4.

included a notice indicating that the Motion to Join would be heard on February 1, 2023.

The record contains a copy of a "Motion for Dismissal, Answer to Plaintiffs' Motion" by Defendant. Doc. 1-1 at 9. However, it is not clear if this document was filed or when it was served; the document is not file-stamped and, though it was signed by Defendant on January 30, 2023, it contains no certificate of service.

On February 1, 2023, Defendant filed a Notice of Removal of Civil Action (the "Notice of Removal," Doc. 1) and a Disclosure by Party or Intervener in a Diversity Case form (the "Citizenship Disclosure," Doc. 2).

On February 2, 2023, Plaintiffs filed a Motion to Remand and Motion to Expedite Briefing and Ruling on Motion to Remand (the "First Motion to Remand," Doc. 3). Plaintiffs also filed the Amended Motion to Remand. Doc. 4.

On February 13, 2023, the undersigned denied the First Motion to Remand as moot. In addition, to the extent the Amended Motion to Remand requested that the Court set an expedited briefing schedule, the motion was denied, though the motion remained active with respect to the request that the case be remanded. Doc. 7 at 2.

On February 16, 2023, Defendant filed the Response. Doc. 8.

On February 23, 2023, Defendant filed the Amended Response. Doc. 9.

5

On March 9, 2023, Plaintiffs replied (Doc. 10) to the Response and Amended Response.

Also on March 9, 2023, Defendant filed the Second Amended Response. Doc. 12. In that filing, Defendant stated that he is claiming a violation of 42 U.S.C. § 1983 as the basis for removal, provided additional information regarding the events that have allegedly transpired, and requested that the partition action "be dismissed and revoked."

## II. Discussion

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. In addition, pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States."

### A. Diversity Jurisdiction

For a district court to exercise diversity jurisdiction. "[t]here must be 'complete diversity' — that is, no plaintiff may be from the same state as any defendant." Mystic Retreat Med Spa & Weight Loss Center v. Ascentium Captial LLC, --- F.Supp.3d ---, 1:21-cv-00515, 2022 WL 2820843, at *2 (M.D.N.C. July 19, 2022) (quoting Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553–54 (2005)).

6

Here, Plaintiffs argue that the Court lacks subject matter jurisdiction because there is an absence of complete diversity. Doc. 4 at 1.

In the Petition, Plaintiffs alleged that Nardone was a resident of Tennessee, that Stark was a resident of Georgia, and that Defendant was also a resident of Georgia. Doc. 4-1 at 1.

In his Notice of Removal, Defendant alleged that Nardone (identified there as Alix N. Edee) was a resident of Florida.[4] Doc. 1 at 2. That filing, though, likewise asserted that both Stark and Defendant were residents of Georgia. Id. In the Citizenship Disclosure, Defendant stated that he was a citizen of Georgia but did not provide information regarding the citizenship of Plaintiffs. Doc. 2

Accordingly, both the Petition and the documents filed by Defendant at the time he removed the case (the Notice of Removal and the Citizenship Disclosure) reflect a lack of complete diversity between the parties.

In his Response, which was filed approximately two weeks after removal and after Plaintiffs moved to remand, Defendant asserted that "Stark does reside In Memphis Tennessee and Stark Files Joint Federal Joint Married Tax Returns (for the last Eight years) declaring residency (living more than 180 days) for federal qualification of residence legally inside The State of

---

[4] No party has argued that Nardone's citizenship—regardless of whether it is Florida or Tennessee—would destroy complete diversity between the parties.

Tennessee." Doc. 8 at 2-3 (emphasis in briefing). Defendant further asserted that "[d]espite Legacy Drivers License inside the State of Georgia, Stark declares in The State of Tennessee total Federal Income Tax on Wages…from **Federal Express Corp In Memphis Tenn"** and that Stark resides in a particular subdivision in Memphis. Id. at 3 (emphasis in briefing).[5] As for the source of this information, Defendant stated that "all addresses above researched from Intelius Data Search or obtained Upon best efforts search and belief that these Revised addresses demonstrate Federal Geographic Diversity and Federal Jurisdiction." Id. at 3. Defendant did not attach any documentation purporting to support his position regarding Stark's residency.

As the party who removed this matter to federal court, Defendant bears the burden of establishing that the parties are completely diverse. See West Virginia State Univ. Bd. of Governors v. Dow Chemical Co., 23 F.4th 288, 297 (4th Cir. 2022) (citing Mayor & City Council of Baltimore v. BP P.L.C., 952 F.3d 452, 461 (4th Cir. 2020)). Further, "[b]ecause actions that are removed from state courts to federal courts 'raise[ ] significant federalism concerns,' removal jurisdiction is 'strictly construe[d].'" Mystic Retreat Med Spa & Weight Loss Center, 2022 WL 2820843, at *2 (quoting Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (citation

---

[5] It is not clear what Defendant means by a "Legacy Drivers License."

omitted)); see also Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress' "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

However, as discussed, Defendant has made conflicting statements regarding the citizenship and/or residency of the parties.

With respect to Stark in particular, Defendant has not provided sufficient evidence to support a finding that Stark is a citizen of Tennessee.

Defendant did, after removal, contend that Stark is a resident of Tennessee. However, residency is not, for purposes of diversity jurisdiction, synonymous with citizenship. See Brissett v. Wells Fargo Bank, N.A. for Certificate Holders of Carrington Mortg. Loan Tr., Series 2007-Frel, No. 4:17-CV-114-FL, 2017 WL 6368667, at *2 (E.D.N.C. Dec. 13, 2017) ("For purposes of diversity jurisdiction, residency is not sufficient to establish citizenship") (quoting Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008)).

In addition, Defendant has not sufficiently supported his contentions. He has offered no documentary or other verified information to corroborate his statements regarding Stark's residency and has offered no explanation as to why, in the Notice of Removal, he stated explicitly that he and Stark were both residents of Georgia and then, only after Plaintiffs moved to remand, he asserted that Stark resided in Tennessee. This information is particularly

9

important as Defendant was in litigation, apparently with his relatives, for over a year prior before he removed the case, and then did so on the same date that a hearing on Plaintiffs' Motion to Join was scheduled to occur before the state court.

Accordingly, the undersigned concludes that Defendant has failed to carry his burden of establishing that this Court may exercise federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See Rice v. Rutledge Road Associates, LLC, No. 1:15-cv-00269-MR, 2016 WL 7322790, at *2 (W.D.N.C. Dec. 15, 2016) ("As diversity jurisdiction was the sole basis for removal of this action and diversity jurisdiction clearly did not exist at the time of removal, this Court is without subject matter jurisdiction in this case and the case must be remanded to the state court….").

### B. Federal Question Jurisdiction

Next, Defendant argues for the first time in his Second Amended Response that subject matter jurisdiction also exists because this case presents a federal question. However, an amendment to the Notice of Removal to add an entirely new basis for jurisdiction in this context would be improper. See Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014) (stating that "after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal" but that "[c]ourts have no

10

Case 1:23-cv-00030-MOC-WCM   Document 13   Filed 03/22/23   Page 10 of 14

discretion to permit amendments furnishing new allegations of a jurisdictional basis").

Further, no basis for federal question jurisdiction is evident from the record; this matter appears to have always been, and remains, a garden-variety dispute over the requested partition or sale of real property of the kind routinely handled by the state courts of North Carolina.

### C. Plaintiffs Request for Attorneys' Fees and Costs

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Consequently, 28 U.S.C. § 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." An award of attorneys' fees, though, is within the discretion of the court and, "[a]bsent unusual circumstances" courts may award attorneys' fees "only where the removing party lacked any objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141 ("The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter.").

In view of the circumstances presented, including that it appears Defendant removed this matter to avoid a state court hearing set for February 1, the undersigned has closely considered whether to award fees and costs to Plaintiffs. However, considering the limited delay and Defendant's *pro se* status, the undersigned will deny Plaintiffs' request for such an award in connection with the removal of this case. See Archway IP Law PLLC v. D3Holdings, LLC, Case No. 1:19-cv-404, 2019 WL 8886224, at *1 (E.D.Va. July 1, 2019) (finding that "courts have concluded that attorney's fees pursuant to § 1447(c) may not be warranted when the parties who removed the case proceeded *pro se*") (collecting cases); UMLIC Consolidated, Inc. v. Spectrum Financial Services Corp., 665 F.Supp.2d, 528, 534 (W.D.N.C. 2009) (declining to award fees where case was remanded for failure to adequately allege diversity in notice of removal); Huber Tech., Inc. v. Gowing Contractors Ltd., 3:18-cv-00525-RJC-DCK, 2019 WL 4491532, at *4 (W.D.N.C. Sept. 18, 2019) (declining to award fees where remand was proper due to untimely notice of removal); see generally Sanders v. Farina, 183 F.Supp.3d 762 (E.D.Va. 2016) (finding an award of fees was appropriate after *pro se* Defendant removed the action for a second time the day before the scheduled state court trial).[6]

---

[6] The undersigned expresses no opinion as to how, if at all, the parties' costs and attorneys' fees associated with this matter while it has been in federal court could or should be apportioned upon final adjudication of the Petition, as that is a matter more appropriately left to the discretion of the state court, as may be necessary.

### D. Defendant's Additional Requests

To the extent that Defendant's Amended Response seeks a continuance of any briefing or other case deadlines, including for Defendant to make further filings, Defendant's request will be denied as moot. See e.g., Pennsylvania v. Consol Energy, Inc., Civil Action No. 1:11CV161, 2012 WL 3834878, at *8 (N.D.W.Va. Sep. 3, 2012) (granting motion to remand and denying motion to continue, or in the alternative, motion to stay as moot).

To the extent that Defendant's Amended Response and Second Amended Response can be read as seeking additional relief, such requests will be denied without prejudice.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Amended Motion to Remand and Motion to Expedite Briefing and Ruling on Motion to Remand (Doc. 4) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. To the extent it seeks remand, Plaintiffs' Amended Motion to Remand is **GRANTED** and this matter is **REMANDED** to the Superior Court of Transylvania County, North Carolina.

    b. To the extent it seeks an award of attorneys' fees and costs, Plaintiffs' Amended Motion to Remand is **DENIED.**

2. To the extent that "Defendant's Addendum to Amended Notice of Removal and Motion for Continuance until 02/24/2028 to Attach File

Exhibits to Certified Response" (Doc. 9), seeks a continuance of any case deadlines, it is **DENIED AS MOOT**.

3. To the extent that "Defendant's Addendum to Amended Notice of Removal and Motion for Continuance until 02/24/2028 to Attach File Exhibits to Certified Response" (Doc. 9) and the "Amended Request and Response by Defendant and Brief in Support of Defendant's Request to Remove Case and Answer to Plaintiff's Response all on Removal of Civil Action" (Doc. 12) seek additional relief, they are **DENIED WITHOUT PREJUDICE**.

Signed: March 22, 2023

W. Carleton Metcalf
United States Magistrate Judge